JACOB HEINOCHOWITZ, PLAINTIFF, v. GEORGE W. MAC-PEAK, DEFENDANT.

Submitted May 15, 1926—Decided November 13, 1926.

Trespass—Astrays—Plaintiff, a Sheep Raiser, Allowed His Sheep to Trespass on Land of Defendant—Defendant Having Notified Plaintiff, Who Did Not Recover Them—Defendant Then Sold Them, as he Believed According to Law Relating to Astrays—Plaintiff Brought Suit and Defendant Counterclaimed For Damages—Verdict For Defendant—Held, That Court's Charge was Proper and That the Jury Award was Justified.

On plaintiff's rule to show cause why defendant's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Milton M. Unger.*

*Contra, King & Vogt (Elmer King* and *Robert H. Schenck,* of counsel).

PER CURIAM.

The plaintiff and defendant owned farms abutting the state highway between Netcong and Hackettstown. Between the two was a small tract of land occupied by Thomas Carter.

The defendant, MacPeak, had been a farmer in that locality for some years and tilled seventy of his one hundred and twelve acres. In 1921 the plaintiff bought his property, containing three hundred and forty-five acres, and planned to devote one hundred and seventy-five acres, divided in sections, to raising sheep. Early in the year 1921 he acquired eight hundred and sixteen sheep. In 1921 the sheep got out and wandered over the MacPeak and other adjoining farms. According to MacPeak, Heinochowitz's sheep were on the MacPeak farm almost continuously, and frequently MacPeak drove them to his barnyard and sent word for the plaintiff or his men to come and get them. On one occasion plaintiff's representatives paid defendant $5 for driving them in.

In November, 1921, twenty-three sheep were found pasturing upon a field of the defendant in which rye was sowed, the crop to be harvested in 1922, the rye by November being about three or four inches high. These twenty-two sheep the defendant, with the help of his son, drove to his barnyard. He notified plaintiff that he had them, that he (plaintiff) could get them, but plaintiff failed to do so. Believing that he was following the provisions of the statute relating to astrays, defendant advertised them for sale. No bidders came to the sale, and defendant finally sold twenty sheep (three having died) to one Vleit for $30. Thereafter, the plaintiff instituted this suit to recover damages because of the alleged wrongful taking of his sheep, and the defendant filed a counter-claim for damages to his crops. At the trial the plaintiff was not ready to proceed when the case was called, and the defendant proceeded to put in his testimony on the counter-claim. After the defendant's case on the counter-claim was in, the plaintiff put in his case for the alleged wrongful taking of the sheep.

The jury returned a verdict of $270 in favor of the defendant, and the plaintiff obtained this rule to show cause why that verdict should not be set aside.

The defendant's testimony that the sheep of the plaintiff trespassed upon his property on a number of occasions and destroyed numerous crops is abundantly corroborated by a number of witnesses. The undisputed testimony is that de-

fendant took care of twenty-three of plaintiff's sheep from November 19th, 1921, to February, 1922, which was fairly worth $100. There was $50 damage done to the rye, $250 to clover and alfalfa, $20 damage to another field of rye, making a total of $420. This total included nothing for defendant's time in driving off the sheep or burying dead ones found on his property.

The court charged the jury that the plaintiff was entitled to the value of his sheep because the defendant had not strictly complied with the provisions of the statute relating to astrays, in making sale of them, and that they should determine the value of the sheep considering their condition and the testimony of both sides. Vleit, a dealer who bought the sheep for $30, said that was all he would give for them, was all they were worth to him, and said that such sheep at that time were worth in the market what he paid for them.

The plaintiff's attitude and demeanor as a witness no doubt led the jury to view his testimony as unreliable to a certain extent, as we think properly. The excessive values he sought to put on the sheep in question, considering their condition, were at absolute variance with the testimony of Vleit and the defendant. And it is apparent from the jury's verdict that they accepted the defendant's testimony as true rather than that of the plaintiff.

We cannot say that the jury failed to follow the court's charge in arriving at their verdict, which is substantially below the total of defendant's damages less a reasonable allowance for the sheep sold. It seems reasonably evident that plaintiff's sheep in various numbers roamed the countryside at will, with seemingly little attempt on the part of the plaintiff or his employes to keep them at home and off the neighbors' crops; that this condition continued throughout the summer of 1921 and into the fall, and that in the early winter numbers of them were foraging through the woods and over fields in search of food, and a number of them died for one cause and another.

The jury had the benefit of hearing the various witnesses testify in court and observing their demeanor on the stand.

We think that the testimony amply justifies the verdict in favor of the defendant, and the rule to show cause will be discharged.